NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4453

_____

UNITED STATES OF AMERICA

v.

AUGUSTINO SMITH,
                                    Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-09-cr-00498-001)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2015

Before: AMBRO, HARDIMAN, and SLOVITER, Circuit Judges

(Opinion filed: December 18, 2015)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Appellant Augustino Smith appeals his conviction for unlawful reentry into the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Currently before us are (1) his attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and (2) Smith's *pro se* brief. For the reasons that follow, we affirm the District Court's judgment of conviction and grant counsel's motion to withdraw.[1]

## I.    Background

Smith was born in Jamaica and holds Jamaican citizenship. At the age of eight, Smith moved to Paterson, New Jersey, and resided there as a legal permanent resident of the United States. In 1997, at age 19, Smith pleaded guilty in New Jersey state court to robbery and possession of a controlled substance with intent to distribute. As a result of these convictions, he was ordered removed from the United States and deported to Jamaica in January 2002. At some time thereafter, Smith returned to the United States without permission from the Attorney General.

In November 2010 Smith was arrested and indicted on the charge of unlawful reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In order to challenge the underlying order of removal, Smith sought collateral review of his 1997 convictions on the ground that his attorney had failed to advise him of the likely immigration consequences of his guilty plea as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010). Smith properly exhausted the New Jersey collateral review process and filed a federal *habeas* petition, which was dismissed by the District Court in November 2012. *See Smith v. Warden of Essex Cty. Jail*, 902 F. Supp. 2d 524 (D.N.J. 2012). Four months later, the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Supreme Court held in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), that *Padilla* did not apply retroactively to cases on collateral review and we affirmed the dismissal of Smith's federal *habeas* petition. *Smith v. Warden of Essex Cty. Jail*, No. 13-1539 (3d Cir. June 17, 2013).

After the dismissal of *Smith v. Warden of Essex County Jail* became final, Smith entered into a plea agreement with the United States Attorney. The parties agreed that his conduct merited a total offense level of 21 under the advisory Sentencing Guidelines, and the plea agreement informed Smith that he would likely be deported. The District Court held a change-of-plea hearing and confirmed that Smith understood the risk of deportation resulting from his plea. He stated that he still wished to plead guilty, and the District Court accepted his plea. Shortly before the sentencing hearing was scheduled to take place and without informing his attorney, Smith wrote a letter to the District Court requesting permission to withdraw his guilty plea.

The District Court addressed the letter request at the start of Smith's sentencing hearing. Smith stated that he sought to withdraw his guilty plea because he was afraid to return to Jamaica, and the District Court refused to allow him to withdraw his guilty plea. Based on the Pre-Sentence Report (PSR) prepared by U.S. Pretrial Services, the District Court accepted the parties' agreed offense level of 21 and determined that a criminal history category of IV was appropriate, which yielded a Guidelines range of 57 to 71 months of imprisonment. Although the plea agreement prevented Smith from moving for a downward departure from the Guidelines range, his attorney argued that a sentence of time served was appropriate because the length of Smith's pretrial detention, coupled

3

with a 15 percent reduction in sentence that would likely be applied by the Bureau of Prisons, were sufficient to satisfy the bottom of the Guidelines range. On consideration of the seriousness of Smith's conduct and the lack of acceptance of responsibility demonstrated by the attempt to withdraw his guilty plea, the District Court rejected this argument and imposed a sentence of 71 months' imprisonment. Smith then filed a notice of appeal, and his attorney moved to withdraw.

## II.   Discussion

Under our rules "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Smith's attorney addresses and rejects three potential issues for appeal: whether (1) the District Court had jurisdiction; (2) the guilty plea was knowing and voluntary; and (3) the sentence was legal and reasonable. We agree with counsel that there is no colorable basis to challenge the District Court's jurisdiction.

There is also no basis to challenge the knowing and voluntary character of the plea. "A plea of guilty will not be found to be unknowing and involuntary in the absence of proof that the defendant was not advised of, or did not understand, the direct

4

consequences of his plea." *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3d Cir. 1995). Although Smith claims in his *pro se* brief that the prosecutor and his attorney misrepresented the immigration consequences of his plea, the District Court conducted a thorough plea colloquy and ensured that Smith understood the risk of deportation. Smith also signed the plea agreement, which contained a similar warning that he would likely be deported. Smith therefore cannot claim ignorance of the consequences of his plea.

We further agree with counsel that the sentence was procedurally valid and substantively reasonable. District courts must follow a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range; (2) formally rule on any departure motions; and (3) exercise discretion in applying any relevant factors set forth in 18 U.S.C. § 3553(a) in determining the sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In this case, the Court properly calculated the Guidelines range of 57 to 71 months based on the plea agreement and the PSR. As there were no departure motions, the District Court proceeded to exercise its discretion in applying the § 3553(a) factors. It rejected the argument that a sentence of time served, regardless of whether it satisfied the bottom of the Guidelines range, was sufficient and determined that the seriousness of Smith's conduct and his failure to accept full responsibility for his actions merited a sentence of 71 months' imprisonment. As the Court followed the proper procedure and imposed a sentence within the Guidelines range, we cannot say that the sentence was either procedurally invalid or substantively unreasonable.

Smith's attorney identified another potential avenue for appeal, but, as counsel notes, it would be frivolous. Smith could argue that the District Court abused its

discretion in refusing to allow him to withdraw his guilty plea. To do so, he must meet the substantial burden of demonstrating a "fair and just reason" for withdrawal. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). It is well settled that "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (citation omitted). The only reason that Smith has provided for withdrawing his guilty plea is fear of removal to Jamaica. Because removal would be part of the punishment for Smith's crime, his fear of it is not a good reason to withdraw his guilty plea.[2]

Although the basis of his claims is not altogether clear, Smith in the *pro se* brief appears to raise three additional challenges to his conviction: that (1) his 1997 convictions violated the Sixth Amendment; (2) his 2002 deportation violated the Sixth Amendment; and (3) he received constitutionally ineffective assistance of counsel. Smith's first contention merely restates his claim that his counsel failed to advise him of the immigration consequences of his 1997 plea, and, as this claim has already been litigated to final judgment in state and federal court, no further appeal of this claim is warranted.

Smith also contends his 2002 deportation violated the Sixth Amendment because he should have acquired U.S. citizenship through his mother. Although the Sixth

---

[2] We make no ruling on whether Smith has a well-founded fear of persecution due to his sexual orientation on return to Jamaica because the issue is not properly before us. Smith may, if appropriate, pursue other avenues to obtain withholding of removal from the United States.

Amendment is not relevant to this contention, we liberally construe it as a claim that Smith did not unlawfully reenter the United States because he should have been treated as a U.S. citizen. *See United States v. Meza-Soria*, 935 F.2d 166, 170 (9th Cir. 1991) (holding that alienage is a necessary element of the offense of unlawful reentry). Pursuant to 8 U.S.C. § 1431, a child under the age of eighteen lawfully residing in the United States automatically acquires citizenship if one of his parents becomes a citizen. Smith alleges that his mother applied for citizenship before he was eighteen, but the Government lost her application, requiring her to re-apply after he turned eighteen. Regardless of any errors that the Government may have made in processing the application, Smith does not allege that his mother actually acquired citizenship before he turned eighteen. Smith's attorney also represents that he investigated this issue and found that Smith had previously admitted to an immigration judge that his mother acquired citizenship after he turned eighteen. Any appeal on the basis that Smith should be treated as a U.S. citizen would therefore be frivolous.

To the extent that Smith alleges ineffective assistance of counsel in this case, "the proper avenue for pursuing [that] claim[] is through a collateral proceeding in which the factual basis for the claim may be developed" rather than through a direct appeal. *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998) (citation omitted). We therefore decline to rule on the ineffective assistance claim, and Smith may, if appropriate, pursue it through a *habeas corpus* proceeding in the District Court pursuant to 28 U.S.C. § 2255.

*       *       *       *       *

7

For these reasons, we affirm the judgment of the District Court and grant counsel's motion to withdraw.